## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILL-BURN RECORDS AND** | ) |
| **PUBLISHING CO.** *et al.*, | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:21-00223-TFM-N** |
| | ) |
| **SONY MUSIC ENTERTAINMENT** | ) |
| **GROUP** *et al.*, | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This civil action is before the Court *sua sponte* under Federal Rule of Civil Procedure 4(m). The District Judge assigned to this case referred all pretrial matters to the undersigned Magistrate Judge for appropriate review. (*See* Doc. 2); 28 U.S.C. § 636(a)–(b); Federal Rule of Civil Procedure 72; S.D. Ala. GenLR 72(a). Upon consideration, the undersigned **RECOMMENDS** that Plaintiffs Morris Barnes and Willie Ash's amended complaint (Doc. 5) be **DISMISSED without prejudice** as to all non-specially appearing Defendants [1] for failure to timely serve them under Federal Rule of Civil Procedure 4(m).

### I.    *Background*

On May 10, 2021, Plaintiffs Morris Barnes and Willie Ash initiated this action

---

[1] Defendants RCA Records, Jive RCA; Sony BMG Music; Gabriella Wilson; Keenon Daequon Ray Jackson; Bashar Barakah Jackson; Cardo Ronald Latour; Warner Music Group; Atlantic Records; Julius Dubose; Christopher Maurice Brown; Charles Carter; Elijah Dias; Roger Parker; Shawn Carter; Steven Arrington; Tiara Thomas; Wuang Hankerson; Keep Cool Records; Tunji Balogun; and David Przygoda. The remaining Defendants entered special appearances and motions to dismiss for, in part, failure to timely effect service of process.

by filing a complaint alleging that Defendants infringed on their copyright. (Doc. 1). Plaintiffs then filed an amended complaint (Doc. 5) as well as proposed summonses (Doc. 6) on May 24, 2021. The Clerk returned the summonses to Plaintiffs in waves, with the final summons issued on August 9, 2021. (Doc. 11). Given this delay, the Court *sua sponte* extended Plaintiffs' deadline to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) until October 8, 2021. (Doc. 12). On October 5, 2021, Plaintiffs moved for another extension of their Rule 4(m) deadline, contending that some of the Defendants "appear to be avoiding" service of process. (Doc. 14). The Court granted this motion, extending Plaintiffs' Rule 4(m) deadline to December 6, 2021. (Doc. 18).

## II.   *Analysis*

"[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." (footnote omitted)); S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order.").

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service

be made with a specified time."[2] "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

To properly serve an individual, Plaintiffs must comply with Rule 4(e), which allows service by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). To properly serve a corporation, partnership, or association, Plaintiffs must comply with Rule 4(h)(1), which allows service to be executed:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

---

[2] The Court's local rules provide: "If service is completed by summons, the party or person making service shall file proof thereof within seven (7) days of the date of service . . . ." S.D. Ala. CivLR 4(a)(1).

Fed. R. Civ. P. 4(h)(1).

Here, Plaintiffs submitted several batches of documents outlining their service efforts. (Doc. 13; Doc. 15; Doc. 16; Doc. 22; Doc. 23 Doc. 28; Doc. 29; Doc. 30; Doc. 31; Doc. 33). These documents demonstrate that Plaintiffs have attempted to serve Defendants exclusively via certified mail. The term "delivering" in both Rule 4(e)(2) and Rule 4(h)(1)(B) "appears to refer to personal service." *Dyer v. Wal–Mart Stores, Inc.,* 318 Fed. Appx. 843, 844 (11th Cir. 2009).[3] Accordingly, Plaintiffs must rely on Rule 4(e)(1) to prove valid service by certified mail in line with the law of "the state where the district court is located or where service is made."

Plaintiffs failed to submit sufficient proof of service by the Court's extended Rule 4(m) deadline. Plaintiffs did submit a variety of documents, ranging from returned certified mail envelopes with annotations (Doc. 13; Doc. 15; Doc. 16; Doc. 28; Doc. 29; Doc. 30; Doc. 31; Doc. 33) to certified mail receipts (Doc. 22; Doc. 23). However, these documents do not comport with Rule 4(e)(1)'s requirements—Plaintiffs' service attempts are insufficient under Alabama law[4] as well as the law of the states where

---

[3] This Court has previously come to the same conclusion. *Johnson v. Champions*, No. CIV. A. 12-0334-WS-M, 2013 WL 275957, at *1 & n.1 (S.D. Ala. Jan. 24, 2013) (Steele, J.) (holding that certified mail did not constitute "delivering" under Rule 4(e), and noting that "[o]ther Circuits have routinely concluded that mailing or certified mailing does not constitute 'delivery' for purposes of service of process" (collecting cases)).

[4] Alabama law permits service by certified U.S. mail. *See generally* Ala. R. Civ. P. 4(i)(2). Alabama Rule of Civil Procedure 4(i)(2) requires that a party initiating service place a "copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward." Ala. R. Civ. P. 4(i)(2)(B)(ii). It further provides that, "[i]n the case of an entity within the scope of one of the subdivisions of [Alabama] Rule 4(c), the addressee

Plaintiffs attempted to serve Defendants.[5] Plaintiffs' certified mail return receipts with signatures (Doc. 22) are deficient under both Alabama state law and the laws of the states in which Defendants were purportedly served. For example, Plaintiffs' certified mail receipt for Keenon Daequon Ray Jackson (Doc. 22, PageID.336),

---

shall be a person described in the appropriate subdivision." *Id.* For an artificial entity, the addressee would be "a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

The party must then "affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." Ala. R. Civ. P. 4(i)(2)(B)(ii). "The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the . . . party shall immediately file with the court an 'Affidavit of Certified Mailing of Process and Complaint.' That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mail in accordance with" Alabama Rule 4(i)(2)(B)(ii). *Id.* "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C).

[5] The relevant state laws for purposes of Rule 4(e)(1) require more than what Plaintiffs demonstrated in their proofs of service. In California, service by mail requires sending "two copies of the notice and acknowledgment provided for in [Cal. Civ. P. Code § 415.30(b)] and a return envelope, postage prepaid, addressed to the sender. Cal. Civ. P. Code § 415.30(a). Further, California law requires that acknowledgment of service by mail on artificial entities "be signed in the name of such entity . . . by a person authorized to receive service of process on [its] behalf . . . ." Cal. Civ. P. Code § 415.30(b). New York imposes similar requirements for service by mail. *See* N.Y. C.P.L.R. § 312.a. Maryland permits service by mail on individuals via "certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rules 2-121(a). "Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient . . . ." *Dyer*, 318 F. App'x at 844 (citing *Transport & General Ins. Co. v. Receiverships of Ins. Exch. Of the Americas, Inc.,* 576 So.2d 1351, 1352 (Fla. 1st DCA 1991)). Georgia does not permit service by certified mail. *Camp v. Coweta Cty.*, 280 Ga. 199, 201 (2006) ("Mailing a copy of petition or complaint does not constitute service of process.").

seemingly located in Maryland, does not indicate "Restricted Delivery" as required by Maryland Rule 2-121(a).

As for the artificial entity Defendants, Plaintiffs submitted no indication that they attempted service by certified mail on agents authorized to receive service of process. In a document signed by only Plaintiff Morris Barnes, he certifies that he "served a copy of the foregoing upon opposing counsel and all other parties or their counsel currently known to plaintiff by placing the same in the United States with proper postage affixed thereto and mail to the name[d] defendants." (Doc. 45).[6] However, to the extent this serves as a server's affidavit under Rule 4(l), it fails to prove valid service of process by certified mail. *Cf. First Acceptance Ins. Co., Inc. v. Rosser*, No. 2:20-CV-554-TFM-C, 2021 WL 2013056, at *4 (S.D. Ala. May 19, 2021) (noting deficient proof of service where the plaintiff failed to prove or allege that "the person who signed for the certified mail" is "authorized to accept service of process on behalf of a corporation").

Plaintiffs have not requested additional time for service under Federal Rule 4(m) in response to the present motions to dismiss, and it is generally their burden to show good cause for such relief. *See* Fed. R. Civ. P. 4(m) ("*[I]f the plaintiff shows good cause for the failure*, the court must extend the time for service for an appropriate period" (emphasis added)). Further, the Court afforded Plaintiffs two extensions to serve Defendants to no avail. Accordingly, Plaintiffs" amended

---

[6] Construing Plaintiffs' filing liberally, the undersigned construes "the foregoing" (Doc. 45) to mean a copy of the complaint and a summons.

complaint (Doc. 5) should be dismissed without prejudice as to the Defendants set out in note 1.

In extending Plaintiffs' Rule 4(m) deadline, the Court warned Plaintiffs of their need to conform with procedural rules despite their *pro se* status. (*See* Doc. 12, PageID.199, Doc.18, PageID.284). This Report and Recommendation serves as further notice for Plaintiffs under Rule 4(m) of their failure to timely effect service on the Defendants listed above, *cf. Shivers v. Int'l Brotherhood of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (noting that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the same).

### III.  *Conclusion*

Plaintiffs failed to submit proof that they timely executed service of process on the Defendants set out above under Rule 4(m). Accordingly, the undersigned **RECOMMENDS** that Plaintiffs" amended complaint (Doc. 5) be **DISMISSED without prejudice** as to Defendants RCA Records, Jive RCA; Sony BMG Music; Gabriella Wilson; Keenon Daequon Ray Jackson; Bashar Barakah Jackson; Cardo Ronald Latour; Warner Music Group; Atlantic Records; Julius Dubose; Christopher Maurice Brown; Charles Carter; Elijah Dias; Roger Parker; Shawn Carter; Steven Arrington; Tiara Thomas; Wuang Hankerson; Keep Cool Records; Tunji Balogun; and David Przygoda.

**DONE** this the 28th day of December 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.